UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BENJAMIN ADAMS | CIVIL ACTION NO. 11-cv-1453 |
| VERSUS | JUDGE STAGG |
| WILDHORSE RESOURCES, LLC | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Benjamin Adams, who is self-represented, filed this civil action against WildHorse Resources, LLC. His complaint alleges that WildHorse has been "drilling on Plaintiff land of 640 acres in Mansfield, Louisiana, Town, Sec. 29 12N Range 14W, DeSoto Parish, WildHorse Resources is making billions since 1995. And never gave Plaintiff anything but Promises." He makes a similar allegation that "WildHorse has been drilling on my Land since 1995. without a lease making billions and has not Paid me no royalties as they promise in their June 12, 2011. Letter; (See attached letter along with other papers proving that WildHorse has been drilling on my Land illegal." The complaint invokes 42 U.S.C. § 1983, the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and the RICO Act.

WildHorse has filed a Motion to Dismiss (Doc. 8) that argues that there is no subject-matter jurisdiction over the complaint and that the complaint fails to state a claim upon which relief can be granted. Plaintiff has relied exclusively on civil rights statutes and similar

federal laws, none of which are applicable or give rise to a colorable claim under these facts. Accordingly, and for the reasons that follow, it is recommended that the Motion to Dismiss be granted and that the complaint be dismissed for lack of subject-matter jurisdiction.

**Analysis**

There are two plausibly available grounds for Plaintiff to invoke subject-matter jurisdiction. The first is diversity jurisdiction pursuant to 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Plaintiff alleges that the matter in controversy exceeds $100,000,000[1], and he alleges that he is a citizen of California, but he does not allege the citizenship of WildHorse, which would require identification of each of its members and specific allegations of their citizenship. See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). More important, Plaintiff's complaint does not invoke a single claim for violation of state law.

Rather, Plaintiff's complaint begins by stating expressly that it is a "civil rights complaint" that complains of the "denial of equal rights under the law," conspiracy to interfere with civil rights, and for violations of various federal statutes and constitutional provisions. Paragraph one of the complaint states that jurisdiction is invoked pursuant to the Fourteenth Amendment, Eighth Amendment, and 42 U.S.C. § 1983. The complaint's only

---

[1] WildHorse represents that Plaintiff's predecessors in title owned only 3.78 net acres in the tract at issue. That acreage passed through inheritance to ten children in one generation, and eight children in the next, resulting in Plaintiff's net interest being less than 1/10th of an acre, which has generated royalties due of less than $100. WildHorse contends this is the actual amount in controversy. The court need not reach that issue because only federal claims have been asserted, and they plainly lack merit.

references to state law are in the various allegations that deprivations of federal rights were made under color of state law so as to give rise to a claim under Section 1983.

Where a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course for the district court (unless the federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, or is insubstantial and frivolous) is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981). A plaintiff need only plead a "colorable claim" arising under the Constitution or federal laws to properly invoke federal question jurisdiction under 28 U.S.C. § 1331. Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1244 (2006). WildHorse's motion attacks the federal claims as not being adequately colorable to give rise to jurisdiction, but it also attacks the federal claims on the merits pursuant to Rule 12(b)(6). The better course under the circumstances is to address the claims on the merits and bring them to an end.

Section 1983 provides a remedy for violations of the constitutional provisions invoked by Plaintiff. The statute requires that a plaintiff establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the "under color of state law" element of Section 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 119 S.Ct. 977, 985 (1999), quoting Blum v. Yaretsky, 102 S.Ct. 2777 (1982) (private nursing home not state actor despite extensive regulation). A defendant acts

under color of state law if he exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. West v. Atkins, 108 S.Ct. 2250, 2255 (1988). Typical state actors are policemen, local government officials, and physicians such as the one in West who contract with the state to provide medical services to inmates at a state facility.

There is no indication whatsoever that WildHorse is a state actor. All of the materials in the record indicate that it is a private company that was engaged in the private enterprise of owning or operating oil and gas wells on private property. Information publicly available on the Secretary of State's website indicates that WildHorse is a limited liability company organized under Delaware law and with its principal business office in Houston, Texas. There is no suggestion that it is a government agency or otherwise a state actor within the meaning of the law. Accordingly, Plaintiff has not stated a claim against WildHorse pursuant to Section 1983.

The complaint also invokes 42 U.S.C. § 1985, but he gives no hint as to the basis for a cause of action under that statute. Subsection one prohibits two or more persons from conspiring to prevent a public officer from performing his duties; subsection two addresses persons who conspire to obstruct justice by intimidating a party, witness, or juror in a court of the United States; and subsection three regards persons who conspire to go in disguise on the highway or on the premises of another for the purpose of depriving him of the equal protection of the laws. Plaintiff has failed to allege any facts that would suggest a conspiracy or agreement that would be actionable under the statute. And furthermore, subsection three

requires an allegation of a race-based conspiracy to present a claim. Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 271 (5th Cir. 2001). Plaintiff has not alleged any such conspiracy or any issue of race in his complaint. It does not appear that his complaint even mentions his race.

The complaint also states that it is brought pursuant to the "Corrupt Organ. Act." This is presumably a reference to the Racketeer Influenced and Corrupt Organizations (RICO) Act, which Plaintiff invoked in a similar case that he and some relatives filed against BP America, a predecessor to WildHorse with respect to the mineral production at issue. See Adams v. BP American Production Co., 2012 WL 1038035, *3 (W.D. La. 2012). Judge Stagg granted summary judgment for the defendants in that case and dismissed all claims, including the RICO claim. The plaintiffs were faulted for failing to specify any of the numerous activities covered by the statute or alleging any particular facts that implicated any of the covered activities. The conclusory allegations were found insufficient to sustain a private cause of action pursuant to the RICO statutes. The same is true in this case. Plaintiff's mere mention of the Act, without alleging facts that give rise to a plausible basis for a claim, may not survive Rule 12(b)(6) review. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007); Banks v. F.D.I.C., 374 Fed.Appx. 532, 534 (5th Cir. 2010) (affirming dismissal of RICO claim under this standard).

The court has addressed each of the federal claims asserted in the complaint. Each has been found to fail to state a claim on which relief may be granted. Plaintiff has attempted to take what should likely be a state court claim for payment of royalties and spin it into a

federal case of constitutional magnitude, but the facts do not support that effort. Dismissal is appropriate.

Accordingly,

**IT IS RECOMMENDED** that WildHorse Resources, LLC's **Motion to Dismiss (Doc. 8)** be **granted** and that the complaint be **dismissed with prejudice** for failure to state a claim on which relief may be granted. Any state law claims for royalties, penalties, or related payments should be exempt from the scope of this federal judgment so that Plaintiff may assert them in a state court without risk of this judgment giving rise to a res judicata defense.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of June, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE